UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:26-cr-00003-CDS-BNW-2 |
| Plaintiff | **Order Granting the Defendant's Motion to Dismiss with Prejudice and Denying as Moot the Government's Motion to Dismiss** |
| v. | |
| Juan Carlos Cabada-Mendoza, | [ECF Nos. 35, 36] |
| Defendant | |

On January 14, 2026, defendant Juan Carlos Cabada-Mendoza and his co-conspirators were indicted by a federal grand jury. *See* Indict., ECF No 1. After a detention hearing, Juan Carlos[1] was released on a personal recognizance bond. PR Bond, ECF No. 8. However, he was not released; rather, he was removed from the United States on February 18, 2026. *See* Notice of deport., ECF No. 32. Thereafter, Juan Carlos's counsel filed a motion to dismiss the indictment with prejudice. Def.'s mot., ECF No. 35. The government also filed a motion to dismiss without prejudice. Gov't's mot., ECF No. 36. These motions are fully briefed. *See* Resps., ECF Nos. 37, 38; Def.'s reply, ECF No. 39. For the reasons explained herein, I grant the defendant's motion to dismiss with prejudice and deny as moot the government's motion to dismiss.

I.      Background

Juan Carlos was charged in nine counts with various controlled substances act and money laundering violations. *See* ECF No. 1. He had his initial appearance and arraignment and plea on the indictment on January 21, 2026. Mins., ECF No. 6. After the detention hearing, Juan Carlos was released on a personal recognizance bond. *See id.*; ECF No. 8. The government moved for a stay and review of the release order, ECF No. 10, which Juan Carlos opposed, ECF No. 26. The court set that motion for oral argument on March 12, 2026. Mins., ECF No. 34.

---

[1] I refer to the defendant by his first name for efficiency because the co-defendant also has Cabada in his last name. I mean no disrespect by doing so.

On March 9, 2026—before the hearing could occur—counsel for Juan Carlos filed a notice of deportation, advising that he learned from pretrial services that Juan Carlos had been removed from the United States on February 18, 2026. ECF No. 32 at 2. At the March 12, 2026 hearing, both sides advised they would be filing motions to dismiss, which were subsequently filed on March 22 and April 1, 2026. *See* ECF Nos. 35, 36. Juan Carlos moves to dismiss with prejudice, arguing that his removal results in a prejudice that violates his Fifth and Sixth Amendment rights. ECF No. 35. The government seeks dismissal without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). ECF No. 36.

**II.      Legal standard**

Federal Rule of Criminal Procedure 48(a) governs a government's request to dismiss an indictment. It reads, in pertinent part, that "[t]he government may, with leave of the court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Leave of court is required because it gives the court to the opportunity to consider factors such as the possibility of prosecutorial harassment, as well as the "public interest, fair administration of criminal justice and preservation of judicial integrity." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). Subsection (b) of Rule 48 also permit a court to dismiss a criminal case without a request from the government "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b).

A court is also permitted to dismiss a criminal case by relying on its supervisory powers "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Ultimately, the decision to dismiss a criminal case pursuant to the court's supervisory powers, whether with or without prejudice, is within the discretion of the district court. *See id.* However, dismissal with prejudice is a "drastic remedy," *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020), because

it "necessarily implicates separation-of-powers principles." *Id.* (citations omitted). Thus, dismissal with prejudice may only be granted when there is a "clear basis in fact and law for doing so." *Id.* And in the context of a Sixth Amendment violation, dismissal of the indictment is inappropriate "absent demonstrable prejudice, or substantial threat thereof[.]" *United States v. Morrison*, 449 U.S. 361, 365 (1981).

### III.    Discussion

The Bail Reform Act (BRA), codified at 18 U.S.C. § 3142(d), provides a specific framework to allow the government to prioritize removal proceedings over criminal prosecution. As explained in *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015), Congress chose not to exclude removable aliens from consideration for release or detention in criminal proceedings but rather provides the "specific procedures to be followed when a judicial officer determines that a defendant is not a citizen of the United States or lawfully admitted for permanent residence." *Id.* at 1090–91 (citation omitted). In those cases, the "judicial officer must determine whether such an alien may flee or pose a danger to any other person or the community," *id.* at 1091 (citing § 3142(d)(2)), and then sets forth the protocol for ordering temporary detention to allow the government to inform federal immigration officials. *Id.* "If the immigration official does not take custody of the defendant during that ten-day period, Congress directs the court to treat the defendant in accordance with the other provisions of the Bail Reform Act, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." *Id.* (quotations omitted).

Here, Juan Carlos made his initial appearance on January 21, 2026, during which a detention hearing was held, and the magistrate judge released Juan Carlos on a personal recognizance bond with conditions. *See* ECF Nos. 5, 8. It was then that the U.S. Attorney's Office and immigration officials had a decision to make about Juan Carlos: Was the public interest in criminally prosecuting him greater than the public interest in swiftly removing him? *See United States v. Rangel*, 318 F. Supp. 3d 1212, 1218 (E.D. Wash. 2018) ("Section 3142(d) makes the

dichotomous nature of criminal and immigration proceedings clear."). If his criminal prosecution took priority, then immigration officials could have delivered Juan Carlos to the U.S. Attorney's Office for prosecution instead of removing him.[2] *See Santos-Flores*, 794 F.3d at 1091. But either the communication between the prosecution and immigration officials did not occur,[3] or the U.S. Attorney's Office was ordered (knowingly or unknowingly) to stand down in prosecuting the target of a large and lengthy investigation, because Juan Carlos was removed shortly after his initial appearance.

Juan Carlos's removal directly impacted his speedy trial and due process rights. Indeed, the events that start the 70-day clock under 18 U.S.C. § 3161(c)(1) are the public filing of an indictment or the first appearance before a judicial officer, whichever comes later. *See United States v. Layfield*, 96 F.4th 1095, 1097 (9th Cir. 2024) (explaining that "only two events could trigger [the] seventy-day speedy trial clock," namely, the filing of an indictment or an initial appearance). As Juan Carlos made his initial appearance on January 21, 2026, his speedy trial clock ran April 1, 2026. His removal prevented him from meeting with his counsel to prepare for trial or otherwise defend himself against the charges set forth in the indictment. And now the speedy trial clock has run altogether, so his due process rights have also been violated.

This case emphasizes how the BRA, the Immigration and Naturalization Act (INA), and the Executive Branch's decisions to place emphasis on one of its obligations (immigration enforcement) over another (prosecutorial), without proper planning and coordination, can

---

[2] The government is not precluded from pursuing "both criminal prosecution and removal simultaneously." *United States v. Lett*, 944 F.3d 467, 471 (2d Cir. 2019); *see also United States v. Urbina-Escoto*, 2020 WL 6147024, at *2 n.1 (W.D. Wash. Oct. 20, 2020) (citing decisions from the Second, Third, Sixth, Eighth, and D.C. Circuits). In fact, Congress anticipated an overlap between the Executive Branch's prosecutorial and removal obligations and wrote statutes to allow the government to harmonize the actions of its agencies. *See, e.g., United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1179 (D. Or. 2012) (explaining that "in the BRA itself Congress explained how to reconcile the release and detention provisions of that statute with the administrative deportation provisions of the INA"). But that is not relevant here because Juan Carlos removal precluded his prosecution.

[3] This is not a finding of any misconduct, negligence, or other any nefarious act by anyone at the U.S. Attorney's Office or the agents involved in the investigation that gave rise to this indictment. Quite the opposite—if the court were to guess, the USAO and the agents were unaware that Juan Carlos was going to be removed shortly after his initial appearance.

trigger serious consequences. Because his constitutional rights have been violated—and with no reasonable, lesser sanction available—dismissal of the indictment against Juan Carlos with prejudice is warranted. *See United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 926 (D. Ariz. 2020) (dismissing indictment against defendant who was deported pre-indictment with prejudice because the "[d]efendant's deportation presents a clear challenge . . . to [her] ability to consult with counsel, to review the evidence against [her] and to prepare a defense to the charge . . . . This constitutes a violation of [her] Sixth Amendment right to counsel." (citing *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015)); *see also United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) ("One of the three traditional ways to show prejudice is by demonstrating that the defense was impaired."); *Barrera-Moreno*, 951 F.2d at 1091–92 (dismissal is appropriate when "the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available"). Consequently, I grant Juan Carlos's motion to dismiss with prejudice the indictment against him and deny as moot the government's motion.

## III.    Conclusion

IT IS HEREBY ORDERED that Juan Carlos Cabada-Mendoza's motion to dismiss the indictment against him **[ECF No. 35] is GRANTED.**

IT IS FURTHER ORDERED that the government's motion to dismiss the indictment pursuant to Fed. R. Crim. P. 48(a) **[ECF No. 36] is DENIED as moot**.

Dated: June 8, 2026

_____
Cristina D. Silva
United States District Judge

5